IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HERNANDEZ BARTON     PLAINTIFF

FCCI INSURANCE COMPANY     INTERVENOR PLAINTIFF

V.     CAUSE NO. 3:23cv3089-KHJ-MTP

LORIS RALSTON;
CENTRAL FREIGHT LINES, INC.;
JOHN DOE PERSON(S) 1-5; JOHN DOE ENTITY (IES) 1-5;
AND JOHN DOE INSURANCE COMPANY(IES) 1-5     DEFENDANTS

## ORDER APPROVING SETTLEMENT AND DISMISSAL WITH PREJUDICE

This matter is before the Court pursuant to agreement of Plaintiff, Hernandez Barton; Defendants, Loris Ralston and Central Freight Lines, Inc.; and Intervenor, FCCI Insurance Company, and this Court having fully investigated this matter, finds and adjudicates as follows, to-wit:

I.

Plaintiff alleges that he was injured on or about May 7, 2020, in Lauderdale County, Mississippi. Plaintiff alleges that he was engaged in employment with JC Cheek Contractors, Inc., when he was injured in a motor vehicle accident with Defendant Loris Ralston, who was driving on behalf of Defendant Central Freight Lines, Inc. Plaintiff alleges that Defendant Ralston was negligent in the operation of his vehicle, causing the collision with Plaintiff's vehicle and Plaintiff's subsequent injuries related to the same.

II.

At the time of the incident in question, Plaintiff was in the course and scope of his employment with JC Cheek Contractors, Inc. As a result of said accident, Intervenor, the workers' compensation carrier for JC Cheek Contractors, Inc., made payments to or on behalf of Plaintiff, pursuant to the applicable provisions of the Mississippi Workers' Compensation Act ("MWCA"). Pursuant to the MWCA, §71-3-71, Intervenor has alleged a statutory lien on amounts recovered by Plaintiff in this action, up to the amount that it has paid to or on behalf of Plaintiff in his worker's compensation claim, in the amount of $78,776.36.

III.

As alleged in the Complaint, Plaintiff contends that he is entitled to recover damages from Defendants, as a result of the accident on or about May 7, 2020. Defendants have admitted liability for the accident at issue; however, the extent of the entitlement of Plaintiff to damages, if any, as a result of aforesaid accident, is not capable of exact determination.

IV.

The parties hereto have negotiated a complete compromise and settlement of any and all claims against Defendants by Plaintiff, as well as Intervenor. With regards to the same, Plaintiff has agreed to accept, and Defendants have indicated a willingness to pay the total sum of $275,000.00 to Plaintiff in complete compromise and settlement of any and all claims and demands against Defendants and all other persons or companies in privity with them, as well as all claims for subrogation rights and rights to reimbursement of

Intervenor against Defendants.

As a further condition of settlement, Intervenor has agreed to accept the sum of $35,449.36, representing a 55% reduction of its lien, in full and complete satisfaction of its subrogation lien for workers' compensation benefits and expenses against Defendants. In consideration of said reduction, Plaintiff has agreed to fully and finally resolve and dismiss his workers' compensation claim, MWCC No. 2006896, without any further payment or claims for workers' compensation benefits, whether indemnity or medical. In finalization of the workers' compensation claim, Plaintiff agrees to execute the Form B-31, Notice of Final Payment, to facilitate conclusion of the workers' compensation claim. In said Form B-31, Intervenor will expressly maintain a credit related to any claims for future benefits that could be sought by Plaintiff in this matter.

V.

Plaintiff has employed Brent Hazzard, Esq., as his personal attorney and representative and has counseled with said attorney as to all matters pertinent to this claim. Plaintiff's attorney has explained, and Plaintiff is aware of the procedures afforded in such cases and the possibility that Plaintiff might receive an award of a greater or lesser amount than agreed herein if the matter were taken through trial. Plaintiff and his attorney agree that the settlement as proposed herein would be, all things considered, in the best interest of Plaintiff. Plaintiff's attorney has rendered the usual services and is entitled to a reasonable fee as agreed, and Plaintiff requests authority to pay this fee out of the proceeds of the settlement. Plaintiff and his attorney affirmatively state that said attorney is the only and exclusive attorney for Plaintiff in this matter, and they are aware of no other

claims for attorneys fees arising out of this claim or these proceedings; however, should the parties be mistaken in that regard, Plaintiff and/or his attorney shall be solely liable for any such attorneys fee claim, and they hereby agree to indemnify and hold harmless Defendants and Intervening Plaintiff herein in the event further claim for attorneys fees are made.

VII.

As part of this settlement agreement, Plaintiff agrees to hold Defendants and Intervenor herein harmless, and to defend and indemnify Defendants and Intervenor herein against any suits, claims, judgments, costs, or expenses of any kind, including attorney's fees, arising from the assertion of any claim by Medicare for recovery of conditional payments or overpayments. Plaintiff also agrees to be responsible for child support liens in the amount of $16,658.94, which shall be paid directly from the settlement proceeds.

VIII.

Plaintiff asserts that it would be in his best interest that the compromise settlement as detailed herein and presented to the Court, be approved and concluded, and it be understood and provided that such payment of funds effects a Full and Complete Release and Compromise Settlement of any and all claims and demands whatsoever, on the account of, or arising out of the injuries and damages alleged herein by Plaintiff against Defendants, their agents, servants, insurers, successors, and by Intervenor, as to their rights of subrogation against Defendants.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that Plaintiff and Intervenor

are hereby authorized to compromise and settle fully, any and all claims against Defendants for the total sum of $275,000.00, with $35,449.36 of said settlement proceeds to be paid to Intervenor in full satisfaction of its statutory lien for amounts paid for worker's compensation benefits to Plaintiff, and $16,658.94 of said settlement proceeds to be paid to satisfy child support liens, with the balance to Plaintiff; and further, that Defendants, their agents, servants, insurers, and any other parties in privity with them, upon payment of said settlement proceeds described, shall be released and discharged from any and all liability whatsoever, to Plaintiff and Intervenor, arising from or in any way connected with the injuries, claims, and demands of Plaintiff and Intervenor alleged herein.

IT IS FURTHER ORDERED, that the Plaintiff is authorized to pay to Brent Hazzard, Esq., reasonable attorney's fee, as agreed.

IT IS FURTHER ORDERED AND ADJUDGED, that the workers' compensation claim of Plaintiff shall be fully and finally resolved and dismissed with the necessity of any further payments related to the same. Plaintiff will execute any necessary documents to effectuate this process with the Mississippi Workers' Compensation Commission.

Finally, IT IS ORDERED AND ADJUDGED, that this case is hereby dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 16th day of September, 2024.

*Kristi H. Johnson*
U.S. DISTRICT JUDGE

APPROVED:

*[signature]* (w/permission)
BRENT HAZZARD, ESQ.
MSB#99721
SCHWARTZ & ASSOCIATES, P.A.
162 E. Amite St.
Jackson, MS 39201
Tel: (601) 988-8888
Email: bhazzard@1call.org
**ATTORNEY FOR PLAINTIFF**

*[signature]*
JOHN L. HINKLE, IV, ESQ.
MSB#100433
MARKOW WALKER, P.A.
265 N. Lamar Blvd., Ste. I
Oxford, MS 38655
Tel: (662) 234-9899
Email: jhinkle@markowwalker.com
**ATTORNEY FOR INTERVENOR**

*[signature]* (w/permission)
C. LANDON KIDD, ESQ.
MSB#104521
COPELAND, COOK, TAYLOR & BUSH, P.A.
1076 Highland Colony Pkwy.
Ridgeland, MS 38157
Tel: (601) 856-7200
Email: lkidd@cctb.com
**ATTORNEY FOR DEFENDANTS**